UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GABRIEL F. HERNANDEZ (1),

    Defendant.

CRIM. NO. 20-339 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

### I. INTRODUCTION

On October 14, 2020, a grand jury returned an indictment against Gabriel Hernandez, charging him with ten counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. He was the Tax Manager and Partner in charge of the Tax Division of a large public accounting, tax and consulting firm in San Juan, Puerto Rico. Puerto Rico Act 20 –the Export Services Act – provides certain tax benefits for Puerto Rican companies exporting services to other jurisdictions. According to the indictment, on December 28, 2018, Hernandez formed a limited liability company in Puerto Rico and listed an Internal Revenue Service ("IRS") special agent posing as a wealthy United States taxpayer from Arizona as owner and agent (Docket No. 3, p. 1). Further, it alleges that Hernandez devised a scheme to defraud the IRS by engaging in "sham transactions," pretending to create a consulting business earning income from services performed within Puerto Rico, rather than within the mainland United States (Id., p. 4). On June 22, 2021, Hernandez filed eight motions to dismiss (Docket Nos. 41, 42, 43, 44, 45, 46, 47 and 48), which the government opposed in a consolidated response (Docket No. 52). Hernandez replied (Docket Nos. 61, 62, 63, 64, 65, 66, 67, 68). After a thorough review of these materials in light of relevant authorities, the

Case 3:20-cr-00339-PAD   Document 76   Filed 07/09/25   Page 2 of 8

United States v. Gabriel F. Hernandez (1)
Crim. No. 20-339 (PAD)
Memorandum and Order
Page 2

motions must be denied. In the main, the court agrees with the Government's arguments at Docket No. 52. The discussion that follows highlights some of the most salient points that the parties have raised.

## II.   DISCUSSION

### A. "Motion to Dismiss for Failure to Charge an Actual Scheme to Commit an Actual Fraud or to Aid and Abet in an Actual Crime" (Docket No. 41)

Hernandez alleges that the indictment "charges non-criminal conduct" (Docket No. 41, p. 9). He claims that because the IRS agent did not have the intention to commit a crime and thus could not be the principal to a crime, he –Hernandez– could never have aided and abetted in the commission of any offense (Id., p. 3). Not so. The involvement of undercover agents in a scheme to defraud does not invalidate a wire or mail fraud charge. Given that the mail fraud statute punishes the scheme to defraud, "the ultimate success of the fraud and the actual defrauding of a victim are not necessary prerequisites to a successful mail fraud prosecution." United States v. Bucey, 876 F.2d 1297, 1311 (7th Cir. 1989). And the indictment appropriately charges the elements of a wire fraud offense by describing the elements of the wire fraud crime, properly charging Hernandez with aiding and abetting wire fraud. So, whether Hernandez had an intent to defraud or commit a crime is a question of fact that the jury must evaluate and rule on. Therefore, the motion to dismiss at Docket No. 41 must be denied.

### B. "Motion to Dismiss for Charging a Multi-Party Wire Fraud Substantive Offense Supported by an Unindictable Purported Agreement Between Defendant an Undercover Agent" (Docket No. 42)

Hernandez contends that the facts alleged in the indictment would not have happened without "the government's express and knowing agreement" (Docket No. 42, p. 2). He states that the only way in which he could be found guilty of wire fraud is if he knowingly agreed with the

United States v. Gabriel F. Hernandez (1)
Crim. No. 20-339 (PAD)
Memorandum and Order
Page 3

undercover agent –and no one else– to defraud the IRS (Id., p. 3). And echoing the arguments made in the motion to dismiss at Docket No. 41, he protests that the indictment charges "no actionable scheme to defraud the IRS" but for the undercover agent's conduct. Id. As mentioned earlier, the undercover agent's involvement does not nullify the validity of the charges.

Further, Hernandez appears to claim that the failure to charge a conspiracy here requires dismissal. Yet, the indictment charges substantive wire fraud violations under 18 U.S.C. § 1343. The elements of that offense include a scheme to defraud, knowing and willful participation in the scheme, with the intent to defraud and the use of interstate or foreign wire communications to further that scheme. See, United States v. Denson, 689 F.3d 21, 24 (1st Cir. 2012)(listing elements). And the indictment adequately sets forth wire fraud allegations. Thus, the motion to dismiss at Docket No. 42 must be denied.

C. "Motion to Dismiss All Counts for Failure to Charge Any Wire Communication 'In Furtherance of' the Alleged Scheme to Defraud" (Docket No. 43)

Hernandez affirms that the indictment does not adequately allege the "in furtherance" element of the offense (Docket No. 43, pp. 1, 4). He adduces that the ten counts listed in the indictment – which are ten different wire communications– are insufficient to support a wire fraud charge (Id., pp. 2-4). According to him, those communications were not part of the "execution of the fraud." Id. Nevertheless, as he recognizes, the mail or wire communications "must be sufficiently closely related to the scheme such that they are incident to an essential part of the scheme or a step in the plot" (Id., p. 5) (citing United States v. Soto, 799 F.3d 68, 93 (1st Cir. 2015). The ten counts list telephone and email communications between Hernandez and the undercover agent. And the communications are directly related to the offenses charged and detail the way in which the fraud scheme was allegedly carried out.

United States v. Gabriel F. Hernandez (1)
Crim. No. 20-339 (PAD)
Memorandum and Order
Page 4

For example, count two describes a communication from August 24, 2018: "Telephone call in interstate commerce between Hernandez in Puerto Rico and [undercover agent] in Arizona wherein Hernandez proposed to create a company in Puerto Rico that would need to show some level of business activity proportional to the amount of income to be transferred from the United States." That communication –like the ones in the other nine counts– is intrinsically related to the wire fraud charge. The counts explain how the scheme was executed. As such, they allege the "in furtherance" element of the offense. Whether these ten communications were actually "in furtherance" of the crime is a factual question for the jury to decide. In consequence, the motion to dismiss at Docket No. 43 must be denied.

D. **"Motion to Dismiss for Failure to Charge 'by Means of' Element of the Offense" (Docket No. 44)**

Hernandez argues that the indictment fails to properly charge the "by means of" element of the wire fraud offense (Docket No. 44). He asserts that the indictment does not contain enough information to support a conclusion that he made false representations (Id., pp. 1, 3). The indictment alleges that he "devised and intended to devise a scheme and artifice to defraud" the IRS "and to retain and obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice" and did so "by means of wire communications. . ." (Docket No. 3, p. 3). As alleged, the charged fraud is linked to false fillings with the Office of Industrial Tax Exemption, the Puerto Rico Treasury Department, and the Municipality of San Juan. Whether those filings would have advanced in any way the purported scheme to defraud the IRS is a matter for the jury to decide. Accordingly, the motion to dismiss at Docket No. 44 must be denied.

### E. "Motion to Dismiss for Failure to Charge the 'Materially,' 'Knowingly,' 'False,' 'Pretenses and Representations' Elements of the Offense" (Docket No. 45)

Putting forth similar arguments to the ones made in the motions already discussed, Hernandez posits that the indictment fails to charge the "materially," "knowingly" and "false pretenses and representations" elements of the offense (Docket No. 45, p. 3). He observes that "the purported false pretenses or representations are not specified, nor can it be deducted how any unspecified conceivable false pretense or representation can be 'material' in any way to the alleged fraud to the IRS, nor that they were made knowingly" (Id., p. 6). Whether the facts alleged in the indictment are true –and whether the fraud is material or not– is not a question that the court can rule on at this juncture, in a factual vacuum. When dismissal of an indictment is sought, "courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015).

Viewed through this prism, the indictment provides adequate and sufficient notice to Hernandez of the alleged fraudulent conduct, as discussed in the previous sections. It refers to dates and descriptions of the fraudulent acts and identifies ten specific communications. In this way, Hernandez received sufficient notice of the charges he is confronting, the facts that allegedly support those charges, the relevant dates and parties involved, and how those facts are connected to each element of the wire fraud offense. No more is required. The government need not lay out all of its evidence, or prove its case, in an indictment in order to comply with the Constitution. See, e.g., United States v. Savarese, 686 F.3d 1, 6 (1st Cir. 2012)("an indictment is adequate if it specifies the elements of the offense charged, fairly apprises the defendant of the charge against

United States v. Gabriel F. Hernandez (1)
Crim. No. 20-339 (PAD)
Memorandum and Order
Page 6

which he must defend, and allows him to contest it without fear of double jeopardy"); United States v. Sepulveda, 15 F.3d 1161, 1192 (1st Cir. 1993)("an indictment is sufficiently particular if it elucidates the elements of the crime, enlightens a defendant as to the nature of the charge against which she must defend, and enables her to plead double jeopardy in bar of future prosecutions for the same offense"). In the end, the indictment properly alleges that Hernandez acted knowingly. By extension, the motion to dismiss at Docket No. 45 must be denied.

### F. "Motion to Dismiss for Failure to Charge Criminal Scienter" (Docket No. 46)

Hernandez maintians the indictment does not allege that he "knowingly" relied on false information (Docket No. 46, p. 4). At bottom, he challenges the factual information on which the indictment is based. For instance, he contests the government's characterization of the ten counts in the indictment by claiming that none of those facts are false or were done with scienter. He may present these arguments to the jury, but the court is not in a position to dismiss the indictment based on the factual arguments presented by him in a motion to dismiss. The indictment appropriately charges the elements of the offense, and specifically alleges scienter when it states that Hernandez devised and "intended to devise" a fraudulent scheme and "knowingly" transmitted and "caused to be transmitted" certain communications in furtherance of the scheme (Docket No. 3, p. 3). At this point, the government "need not show, but merely must allege, the required elements." United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)(internal quotations omitted). As it did so here, the motion to dismiss at Docket No. 46 must be denied.

### G. "Motion to Dismiss for Lack of Fair Notice of Criminal Conduct" (Docket No. 47)

Hernández submits that the indictment is flawed because he "had no reasonable notice that his conduct could constitute a violation of the wire fraud statute" (Docket No. 47, p. 2). He says that he "had no prior notice, much less reasonable notice, that he could be charged with wire fraud

Case 3:20-cr-00339-PAD   Document 76   Filed 07/09/25   Page 7 of 8

United States v. Gabriel F. Hernandez (1)
Crim. No. 20-339 (PAD)
Memorandum and Order
Page 7

by giving accounting advice to a purported client who, unbeknownst to him as charged, was an undercover federal agent presenting a *sham* business scenario to the accountant" (Id., p. 3). As the Government points out, he seems to expect an explicit or personalized warning to fraudulent conduct, but that is not what a fair notice claim accomplishes (Docket No. 52, p. 28). As discussed above, the indictment complies with the required constitutional notice. To belabor the point, it provides sufficient notice to Hernandez of the elements of the crime, of the nature of the charges, and enables him to plead double jeopardy in future prosecutions for the same offense. Whether he is guilty or not of the crime and, similarly, whether he had scienter or not, is a question for the jury to decide. All told, the motion to dismiss at Docket No. 47 must be denied.

H. **"Motion to Dismiss Pursuant to the Fifth Amendment's Guarantee to an Informed and Independent Grand Jury and for Access to Grand Jury's Material" (Docket No. 48)**

Hernandez complains of a Fifth Amendment violation and requests access to grand jury material (Docket No. 48, p. 1). Merely stating that there was prosecutorial misconduct and summarily concluding that the grand jury must have been misled is unpersuasive and insufficient to obtain a dismissal or even access to secret grand jury material. The secrecy of the grand jury proceedings is "indispensable." United States v. R. Enterprises, Inc., 498 U.S. 292 (1991). Still, Fed. R. Crim. P. 6(e)(3)(E)(ii) allows a court to authorize disclosure if a defendant has shown "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Id. But the Rule is not an "invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." United States v. Rodriguez-Torres, 570 F.Supp.2d 237, 241 (D.P.R. 2008).

The defendant bears the burden of demonstrating a "particularized need" for disclosure of grand jury materials." United States v. Bravo-Fernández, 239 F.Supp.3d 411, 414 (D.P.R. 2017).

And Hernandez has not shown the existence of irregularity in the grand jury proceedings nor met the Rule's "particularized need" requirement. There are sufficient factual allegations that he participated in the scheme charged with the requisite knowledge and intent. Under these circumstances, the motion to dismiss and for grand jury materials at Docket No. 48 must be denied.

### III.  CONCLUSION

For the reasons stated, Hernandez's motions to dismiss at Docket Nos. 41, 42, 43, 44, 45, 46, 47, and 48 are hereby DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of July 2025.

                                                s/Pedro A. Delgado-Hernández
                                                PEDRO A. DELGADO HERNÁNDEZ
                                                UNITED STATES DISTRICT JUDGE