UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIM. NO. CR 20-339 (PAD) |
| ) | |
| GABRIEL F. HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MOTION TO DISMISS FOR VIOLATION OF DEFENDANT'S
STATUTORY AND CONSTITUTIONAL RIGHTS
TO A SPEEDY TRIAL**

COMES NOW the defendant, Gabriel F. Hernandez, by and through his undersigned attorney, and most respectfully requests dismissal of the above captioned indictment for violation of Mr. Hernandez statutory and constitutional rights to a speedy trial.

**I.      Procedural History**.

1.      On October 14, 2020, the above-captioned indictment was returned charging Mr. Hernandez with ten alleged violations of Title 18 U.S.C. Sec 1343. *Dkt*. 3. Mr. Hernandez was arrested and arraigned on October 21, 2020. *Dkt* 7-8.

2.      On December 29, 2020, the court issued an order setting deadlines for the filing of pretrial motions and made a Speedy Trial Act finding that the STA

was "tolled in the interest of justice." *Dkt*. 25. The pretrial motions deadline was extended twice - on February 19, 2021, *Dkt* 33, and May 20, 2021, *Dkt*. 40 - at Mr. Hernandez' request (without specific reference to the Speedy Trial Act (then or since).

  3. On June 22, 2021, Mr. Hernandez filed a series of pretrial motions to dismiss the charges against him. *Dkts*. 41, 42, 43, 44, 45, 46, 47, and 48. On August 3, 2021, the government filed an omnibus opposition to the defense pretrial motions. *Dkt*. 53. After seeking extensions, the defense filed replies to the government's omnibus opposition on September 10, 2021. *Dkts*. 61, 62, 63, 64, 65, 66, 67, and 68. The motions were thus pending since September 10, 2021.

  4. Other than motions to withdraw filed by co-counsel for the defense (*Dkts*. 69 & 70) filed in 2022, and a motion to modify Mr. Hernandez' conditions of release filed in 2023 (*Dkts*. 71-74), there were no substantive filings or activity in the docket during the years 2022, 2023 and 2024.

  5. On July 2, 2025, the government filed a motion requesting a status conference (the first), and alerting the court to the fact that the defense pretrial motions to dismiss had been pending since September, 2021 (46 months). *Dkt*. 75. On July 9, 2025, the court issued a Memorandum and Order denying the defense motions. *Dkt*. 76. A status conference has been scheduled for July 28, 2025, *Dkt*.

77, and the government has since requested a trial date, *Dkt*. 81.

**II.    Argument**.

The Speedy Trial Act ("STA") requires that a defendant who pleads not guilty to an offense be afforded a trial within seventy (70) days of the date he is publicly charged by information or indictment or appears before a judicial officer to face said charges. 18 U.S.C. § 3161(c)(1) provides, in relevant part, that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending." In calculating the seventy days the STA excludes certain time periods. Section 3161(h) outlines periods of delay that shall be excluded from the speedy trial calculation and includes, the following: (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; * * * (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court. The Speedy Trial Act ("STA") is designed to protect defendants' constitutional right to speedy trial and to serve the public interest in bringing prompt criminal proceedings. *United States v. Santiago*, 130 F.3d 11, 15

(1st Cir. 1997). Under the Act "defendants do not bear the primary responsibility for alerting the court to speedy trial deadlines" *United States v. Rush*, 738 F.2d 497, 508 (1st Cir. 1984) and dismissal following a violation of the Act is mandatory. 18 U.S.C. §3162(a)(2). *United States v. Connor*, 926 F.2d 81, 83 (1st Cir. 1991) ("…the appropriate response to a Speedy Trial Act infraction is dismissal of the indictment…") If a defendant is not brought to trial within the seventy-day limit required by the STA, the penalty provisions included in 18 U.S.C. §3162 "mandate that 'the information or indictment shall be dismissed on motion of the defendant." *Santiago*, 130 F.3d at 15. (Citations omitted.)[1]

As noted above, the defense's motions to dismiss were pending since September 2021 before a ruling was issued in July, 2025, (1399 days) and any potential exclusion would greatly exceed the 30-day allowable period in Section 3161(H). Further, while the Court tolled the STA on December 29, 2020, in the interest of justice when extending periods to file pretrial motions, no further tolling order was issued since. No status conference was held between 2020-2024, until one was scheduled for next week. The STA's ends-of-justice continuance provision gives a district court discretion – within limits and subject to specific procedures –

---

[1] Defendants also have a Constitutional right to a speedy trial. The Sixth Amendment of the United States Constitution provides that criminal defendants "shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI.

to accommodate limited delays for case specific needs. *Zedner v. United States*, 547 U.S. 489 (2006). The over 4 ½ period since December 29, 2020, would likely not constitute a limited delay for case specific needs as required by *Zedner*.

Since the motions were pending for 1399 days, well in excess of the time allowed and excludable under the STA, and Mr. Hernandez was thus not provided a trial within 70 non-excludable days, his statutory and constitutional rights were violated, requiring dismissal of the charges pending against him. The defense thus requests dismissal of the above-captioned indictment.

WHEREFORE, we respectfully pray from this Honorable Court to grant this motion and, accordingly, dismiss the indictment against Mr. Hernandez.

In San Juan, Puerto Rico, on this the 25th day of July, 2025.

*S/Francisco Rebollo-Casalduc*
FRANCISCO REBOLLO-CASALDUC
USDC-PR 205603
rebollolaw@gmail.com
P.O. Box 195571
San Juan, P.R. 00919
Tel. 787-362-0811

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that was filed through the CM/ECF system, which will serve all attorneys for the parties.

In San Juan, Puerto Rico this 24th day of July, 2025.

*S/Francisco Rebollo-Casalduc*
FRANCISCO REBOLLO-CASALDUC
USDC-PR 205603
rebollolaw@gmail.com
P.O. Box 195571
San Juan, P.R. 00919
Tel. 787-362-0811